UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| PAULA B. PETE, ) | Civil Action No.: 4:10-cv-1483-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| THE CITY OF NORTH CHARLESTON, ) | |
| a political subdivision of the State of South ) | |
| Carolina, and DANTE F. GHI, Individually, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## I.  INTRODUCTION

Plaintiff brings this action under 42 U.S.C. § 1983, alleging the use of excessive force by Defendant Ghi during Plaintiff's arrest. Presently before the Court is Defendants' Motion to Dismiss (Document # 11). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because these motions are potentially dispositive of Plaintiff's claims, this Report and Recommendation is entered for review by the district judge.

## II.  FACTUAL ALLEGATIONS

In her Complaint, Plaintiff alleges that on June 15, 2006, Officer Casey Pace of the North Charleston Police Department made a traffic stop of Timothy Pete, Plaintiff's son at 8636 Madelyn Street, North Charleston, SC. Timothy Pete was arrested for no headlights, loud music and violation of a beginners permit. After Timothy Pete was in handcuffs and placed in the patrol car, Officer Ghi arrived on the scene. After the arrival of Officer Ghi on the scene, Plaintiff arrived in her automobile and parked on the curb in front of her house. The Plaintiff inquired of Officer Ghi as to what was happening. Officer Ghi told her to "get the f- - -k on the porch." The Plaintiff complied by walking

toward her porch until she was 20 feet or more from the Officers and the patrol car. Plaintiff's other children were outside and she began telling them to go inside the house. Defendant Ghi then used his TASER on Plaintiff, striking her in the back. The shock of the TASER knocked Plaintiff to the ground and caused her to become unconscious. Officer Ghi arrested Plaintiff for Interfering with Police, Ticket No.: 24451-DM and resisting arrest, Ticket Numbers 24452-DM. Plaintiff was incarcerated until a bond hearing was held the following day. A jury trial was held on the charges and Plaintiff was acquitted on all counts. Complaint, ¶¶ 8-16. Plaintiff asserts one cause of action for excessive force under 42 U.S.C. § 1983.

### III.    STANDARD OF REVIEW

A motion to dismiss under Rule 12 tests the sufficiency of the complaint. Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir.1991). It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999). A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See Bolding v. Holshouser, 575 F.2d 461, 464 (4th Cir.1978). This duty of fair notice under Rule 8(a) requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). As the Supreme Court has instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotations omitted).

### IV.    DISCUSSION

Defendants move to dismiss this action as untimely. They argue that Plaintiff's claim falls

outside the three-year statute of limitations applicable to § 1983 cases. Plaintiff argues that the applicable statute of limitations is four years.

Section 1983 does not contain an express statute of limitations. Therefore, in determining the proper statute of limitations in a § 1983 claim, the United States Supreme Court has found that the federal court should adopt the forum state's statute of limitations for personal injury claims. <u>Wilson v. Garcia</u>, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), superseded by statute on other grounds as stated in <u>Jones v. R .R. Donnelley & Sons Co.</u>, 541 U.S. 369, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004); <u>Nat'l Adver. Co. v. City of Raleigh</u>, 947 F.2d 1158, 1161 (4th Cir.1991) (stating that since "there is no federal statute of limitations applicable to suits under § 1983, it is the rule that the applicable [statute of limitations] must be borrowed from the analogous state statute of limitations") (internal citations omitted). Under South Carolina law, the statute of limitations for a personal injury claim is three years. <u>See</u> S.C.Code Ann. § 15-3-530(5). Thus, "[t]he statute of limitations for section 1983 causes of action arising in South Carolina is three years." <u>Hamilton v. Middleton</u>, No. 4:02-1952-23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003); <u>see</u> <u>Hoffman v. Tuten</u>, 446 F.Supp.2d 455, 459 (D.S.C.2006). Actions must be commenced within three years after the plaintiff knew, or by the exercise of reasonable diligence should have known, that a cause of action existed. S.C.Code Ann. § 15-3-530.

Plaintiff argues that the appropriate statute of limitations for § 1983 cases is four years pursuant to 28 U.S.C. § 1658(a). Section 1658(a) provides that, "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." Section 1658 was enacted on December 1, 1990. Section 1983 was enacted on December 29, 1979, and was amended on October 19, 1996. Citing to <u>Jones v Donnelley & Sons</u>, 541 U.S. 369 (2004), Plaintiff

argues that, in light of the amendment to § 1983 in 1996, the four year statute of limitations provided in § 1658(a) is applicable in this case.  In Jones, the Supreme Court held that "a cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990-and therefore is governed by § 1658's 4-year statute of limitations-if the plaintiff's claim against the defendant was made possible by a post-1990 enactment," including an amendment to an existing statute.  Jones, 541 U.S. at 382. Thus, if a post-December 1, 1990, amendment to a statute creates a new cause of action not previously available prior to the amendment, the four-year statute of limitations provided in § 1658(a) applies.  The October 19, 1996, amendment to § 1983 inserted provisions relating to the immunity of judicial officers from injunctive relief.  Plaintiff asserts one cause of action for violation of her constitutional rights through the use of excessive force.  The 1996 amendment to § 1983 did not create this cause of action.  Accordingly, the appropriate statute of limitations for Plaintiff's claim is three years.

The alleged excessive use of force occurred in this case on June 15, 2006.  Plaintiff filed this action on July 10, 2010.  Therefore, Plaintiff filed this action outside the statute of limitations and dismissal is appropriate.

**V.     CONCLUSION**

For the reasons discussed above, it is recommended that Defendants' Motion to Dismiss (Document # 11) be granted and this case be dismissed in its entirety.

                                 s/Thomas E. Rogers, III
                                 Thomas E. Rogers, III
                                 United States Magistrate Judge

January 19, 2011
Florence, South Carolina